UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-07072-CAS-E | Date | November 6, 2015 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS FOR A MORE DEFINITE STATEMENT (Dkt. 6, filed September 15, 2015, and Dkt. 9, filed October 7, 2015)

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (Dkt. 12, filed October 20, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of November 9, 2015, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On June 8, 2015, pro se plaintiff Kevin William King filed the instant complaint in the Los Angeles County Superior Court against defendants County of Los Angeles ("the County"), Sergeant Mario Castro, Deputy Rene Mercado, Lieutenant Luis Trejo, Deputy Nicholas Neri, Sergeant "Klinski," "John Doe," and Donald Hinton. See Dkt. 1 (Compl.). Plaintiff's complaint alleges the following claims: (A) against defendants Castro, Mercado, Klinski, and the County, claim No. 2 for violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, for use of "Disciplinary Segregation"; (B) against defendants Castro, Mercado, and Klinski, claim No. 1 for negligence and negligence per se; claim No. 3 for violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, for use of excessive force; and claim No. 4 for intentional and negligent infliction of emotional distress; (C) against defendant "John Doe," claim No. 5 for negligence per se and professional negligence; (D) against the County, Neri, Trejo, and Hinton, claim No. 6, pursuant to 42 U.S.C. § 1983, for violation of the First Amendment due to the deprivation of plaintiff's right to law library access; (E) against defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                      **'O'**

| Case No. | 2:15-cv-07072-CAS-E | Date | November 6, 2015 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

Neri, Hinton, and Trejo, claim No. 7, pursuant to 42 U.S.C. § 1983, for violation of plaintiff's Fourteenth Amendment due process rights on account of the revocation of plaintiff's pro per privileges; and (F) claim No. 8, pursuant to 42 U.S.C. § 1983, against defendant Neri for violation of plaintiff's Fourteenth Amendment "right against perjury." Id.[1]

On September 8, 2015, defendants Mercado, Castro, Trejo, and the County removed this action to federal court, dkt. 1, and on September 15, 2015, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and a motion for a more definite statement pursuant to FRCP 12(e).  Dkt. 6.  On October 7, 2015, defendant Neri filed his own 12(b)(6) motion to dismiss and 12(e) motion for a more definite statement.  Dkt. 9.  Plaintiff did not file an opposition to defendants' motions, but did file a request for leave to amend his complaint, pursuant to FRCP 15, on October 20, 2015.  Dkt. 12.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

The instant action arises out of alleged physical injuries and constitutional violations that occurred between January 14, 2014 and July 10, 2014, while plaintiff was incarcerated as a pretrial detainee in the custody of defendant County of Los Angeles. See Compl.  Specifically, plaintiff alleges that on May 16, 2014, in an incident that was captured on videotape ("the underlying incident"), defendants Mercado, Castro, and Klinski used excessive force on plaintiff while he was being escorted to the jail's law library.  Id. ¶ 27.  Plaintiff further alleges that he was thereafter unlawfully placed into "Disciplinary Segregation" due to the underlying incident, and remained there until May 29, 2014.  Id. ¶¶ 60, 65-67.  Plaintiff states that at that time, he was released from Disciplinary Segregation and given notice of a "Wilson Administrative Hearing," which involved the potential revocation of his pro per privileges, including access to the law library, while he was incarcerated at the jail.  Id. ¶¶ 103-04, 110-12.  Plaintiff alleges that

---

[1] As defendants note, the complaint is not always clear as to which defendants are being sued for which claims.  As discussed *infra*, this lack of clarity forms the basis of defendants' separate motions for a more definite statement and, ultimately, also informs the Court's decision to grant plaintiff leave to amend his complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                **'O'**

| Case No. | 2:15-cv-07072-CAS-E | Date | November 6, 2015 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

the following day, the hearing was held by, among others, defendants Trejo and Neri, and that ultimately "Trejo informed the Plaintiff that he was exercising his supervisory authority and ordering subordinate deputies to restrict the totality of Plaintiff's pro per rights." Id. ¶ 110. Plaintiff's pro per privileges were thereafter restricted. Id. ¶ 111. Plaintiff further alleges that defendant Neri perjured himself by filing a declaration with untruthful statements as part of the hearing process. See id. ¶¶ 124-31.

## III.   LEGAL STANDARD

### A.   Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:15-cv-07072-CAS-E | Date | November 6, 2015 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

> **B.     Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e)**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Id. Generally, "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal.1999). For example, "[s]uch a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." True v. American Honda Moro Co., Inc., 520 F. Supp. 2d 1175, 1180 (C.D. Cal.2007). By contrast, "a Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   **'O'**

| Case No. | 2:15-cv-07072-CAS-E | Date | November 6, 2015 |
|----------|---------------------|------|------------------|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

C.     **Motion for Leave to Amend Pursuant to Federal Rule of Civil Procedure 15**

Federal Rule of Civil Procedure 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  Where leave to amend is sought, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court."  Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: [1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4] futility of amendment, and [5] whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir.2003)).  Some factors may be weighted more heavily than others; for example, "[s]ome courts have stressed prejudice to the opposing party as the key factor."  Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).

IV.    **DISCUSSION**

Here, defendants argue that plaintiff's complaint "is confusingly written such that it is not entirely clear which Claims for Relief apply to which parties without speculation." Dkt. 6 (Defendants' 12(e) Motion), at 18.  Accordingly, defendants request that plaintiff "be ordered to provide a more definite statement explicitly identifying which Claims for Relief apply to which defendants so that defendants can respond accordingly without the need for speculation." Id. at 18-19.  Plaintiff does not oppose defendants' separate 12(e) motions for a more definite statement, arguing in his Rule 15 motion that "free leave to amend and correct defendant's sited [sic] errors of pleading is just and proper" and that if given leave to amend plaintiff will "include necessary facts and information [in the amended complaint] before being ordered to do so by this court." Pl.'s Motion for Leave to Amend, at 3 (arguing that "[a]lthough the plaintiff has the option to file an opposition to the defendants' motion to dismiss, the time and expense of litigating such a motion outweighs that of simply amending amendable complaints").

In addition, plaintiff states that his review of defendants' video evidence of the subject incident, which defendants proffered in support of their 12(b)(6) and 12(e) motions, "refreshed the plaintiff's recollection of [the] events [that occurred] on May 16,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-07072-CAS-E | Date | November 6, 2015 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

2014." <u>Id.</u> at 2; <u>see</u> Dkt. 6-1 (Declaration of Legal Unit Deputy, Exhibit A (Video of the Underlying Incident)). Accordingly, plaintiff asserts that in light of his review of the video, he can now identify and wishes to correct certain "incorrect statements [in the complaint] that effect [*sic*] and prejudice [the] interested parties [in the instant suit]." <u>Id.</u> Plaintiff also claims he was "able to identify evidence of other cognizable [Section 1983] Claims that may be added for the purposes of [saving] the court . . . [the] expense of litigating a separate civil action involving identical parties." <u>Id.</u>

Pursuant to Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In the instant case, all of the relevant factors—that is, whether there is evidence of "[1] bad faith, [2] undue delay, [3] prejudice to the opposing party, [4] futility of amendment, and [5] whether the plaintiff has previously amended the complaint"—all weigh in favor of granting plaintiff's motion for leave to amend. <u>Johnson</u>, 356 F.3d at 1077 (citing <u>Nunes</u>, 348 F.3d at 818). Specifically, plaintiff's request for leave to amend, which is the first such request that plaintiff has filed in this action, appears to be a timely, good faith attempt to remedy both the deficiencies cited by defendants in their 12(b)(6) and 12(e) motions, as well as certain perceived "errors" or omissions of which plaintiff avers he recently became aware. <u>See</u> Pl.'s Motion for Leave to Amend, at 2-3. Leave to amend is particularly appropriate in light of the lack of any apparent prejudice to defendants, who indeed are seeking clarification with respect to the allegations in plaintiff's original complaint. <u>See</u> <u>Ponsoldt</u>, 939 F.2d at 798 (noting that "[s]ome courts have stressed prejudice to the opposing party as the key factor" when determining whether leave to amend is appropriate). Accordingly, the Court concludes that granting plaintiff leave to amend his complaint is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|
| Case No. | 2:15-cv-07072-CAS-E | Date | November 6, 2015 |
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

## V.     CONCLUSION

In accordance with the foregoing, plaintiff's Rule 15 motion for leave to amend his complaint is hereby **GRANTED**.  Plaintiff shall have until and including **Monday, December 7, 2015**, to file an amended complaint that incorporates the proposed amendments discussed herein.  Defendants' 12(b)(6) and 12(e) motions (Dkts. 6 and 9) are accordingly **DENIED AS MOOT**. The hearing date of November 9, 2015 is vacated and off-calendar.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |