UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                 'O'

| Case No. | 2:15-cv-07072-CAS(Ex) | | Date | March 8, 2016 |
|---|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT PREJUDICE (Dkt. 24, filed December 11, 2015)

## I.     INTRODUCTION

On June 8, 2015, *pro se* plaintiff Kevin William King ("plaintiff") filed the instant action in the Los Angeles County Superior Court against the following eight defendants: the County of Los Angeles ("the County"), Sergeant Mario Castro, Deputy Rene Mercado, Lieutenant Luis Trejo, Deputy Nicholas Neri, Sergeant "Klinski," "John Doe," and Donald Hinton. See Dkt. 1 (Compl.).  On September 8, 2015, the County removed this action to federal court, asserting federal question jurisdiction on account of plaintiff's assertion of various federal civil rights claims.  Id. (Notice of Removal).

Plaintiff's original complaint appeared to allege the following claims: (a) against defendants Castro, Mercado, Klinski, and the County, a 42 U.S.C. § 1983 ("Section 1983") claim challenging the use of "Disciplinary Segregation"; (b) against defendants Castro, Mercado, and Klinski, a Section 1983 claim for use of excessive force, as well as claims for negligence, negligence per se, and intentional and negligent infliction of emotional distress; (c) against defendant "John Doe," claims for negligence per se and professional negligence; (d) against the County, Neri, Trejo, and Hinton, a Section 1983 claim based upon the deprivation of plaintiff's right to law library access; (e) against defendants Neri, Hinton, and Trejo, a Section 1983 claim based upon the revocation of plaintiff's pro per privileges; and (f) against defendant Neri only, a Section 1983 claim for violation of plaintiff's "right against perjury."  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-07072-CAS(Ex) | Date | March 8, 2016 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

On October 7, 2015, the County and its employee-defendants filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), dkt. 9, and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), dkt. 6. In response, plaintiff filed a motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15. Dkt. 12. In an order dated November 6, 2015, the Court granted plaintiff leave "to file an amended complaint that incorporates the proposed amendments discussed herein [i.e., in the Court's order]." Dkt. 14, at 7. On December 11, 2015, plaintiff filed the operative first amended complaint ("FAC"). Dkt. 24.

Upon a review of plaintiff's FAC, the Court finds that it must be dismissed, in its entirety without prejudice, for the following reasons: first, because the FAC fails to comport with Federal Rule of Civil Procedure 8(a); and second, because the FAC exceeded the scope of the Court's November 6, 2015 order granting plaintiff leave to amend his original complaint.

## II.   BACKGROUND

### A.   The Original Complaint

The allegations in plaintiff's original complaint arose out of alleged physical injuries and constitutional violations that occurred between January 14, 2014 and July 10, 2014, while plaintiff was incarcerated as a pretrial detainee in the custody of defendant County of Los Angeles. See Compl. Specifically, the original complaint alleged that on May 16, 2014, in an incident that was captured on videotape ("the underlying incident"), defendants Mercado, Castro, and Klinski used excessive force on plaintiff while he was being escorted to the jail's law library. Id. at ¶ 27. Plaintiff further alleged that he was thereafter unlawfully placed into "Disciplinary Segregation" due to the underlying incident, and remained there until May 29, 2014. Id. at ¶¶ 60, 65-67. Plaintiff stated that at that time, he was released from Disciplinary Segregation and given notice of a "Wilson Administrative Hearing," which involved the potential revocation of his pro per privileges, including access to the law library, while he was incarcerated at the jail. Id. at ¶¶ 103-04, 110-12. Plaintiff alleged that the following day, the hearing was held by, among others, defendants Trejo and Neri, and that ultimately "Trejo informed the Plaintiff that he was exercising his supervisory authority and ordering subordinate deputies to restrict the totality of Plaintiff's pro per rights." Id. at ¶ 110. Plaintiff's pro per privileges were thereafter restricted. Id. at ¶ 111. Plaintiff further alleged that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-07072-CAS(Ex) | Date | March 8, 2016 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

defendant Neri perjured himself by filing a declaration with untruthful statements as part of the hearing process.  See id. at ¶¶ 124-31.

### B.     The Operative First Amended Complaint

The operative FAC again alleges various violations of plaintiff's constitutional rights.  However, unlike the original complaint, which included eight defendants and largely concerned the underlying incident that occurred on May 16, 2014, the FAC appears to assert claims against 28 different defendants, including the State of California, the County of Los Angeles, various officers and employees of the State of California and the County of Los Angeles (in both their official and individual capacities), as well as numerous Superior Court judges.  Although the FAC is unclear, these violations appear to arise from three fairly discrete sets of facts: first, from plaintiff's alleged May 16, 2014 encounter with correctional officers while in a Los Angeles County jail, in which plaintiff was allegedly subjected to physical force and denied access to the jail's law library; second, from alleged improprieties in the procedure of a criminal case in state court—specifically, plaintiff's alleged inability to consult with standby counsel while representing himself *pro se*; and third, from the County's alleged failure to update plaintiff's probation database file after plaintiff's probation ended, which allegedly led to plaintiff being subjected to warrantless searches and seizures by the Los Angeles Police Department.  See generally FAC.

## III.   DISCUSSION

### A.     The FAC Must be Dismissed Without Prejudice for Failure to Comply with Rule 8(a) of the Federal Rules of Civil Procedure

The Court finds that plaintiff has failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)"), and that the FAC must accordingly be dismissed on these grounds alone.  Rule 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity."  See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.).  The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:15-cv-07072-CAS(Ex) | Date | March 8, 2016 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

"In the exercise of their discretion and in order to promote judicial economy, courts often will use a motion directed at the form of a pleading (or a motion to dismiss under Rule 12(b)(6)) as a vehicle for considering whether any possible claim for relief [under Rule 8(a)] exists." Wright & Miller, 5 Federal Practice & Procedure § 1217, at 256-58 (3d ed. 2004). In McHenry, the Ninth Circuit explained the problems posed by complaints that fail to meet the standard of Rule 8(a):

> Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different than what they reasonably expected. The rights of the defendants to be free from costly and harassing litigation must be considered.
>
> ***
>
> The judge wastes half a day in chambers preparing the short and plain statement which Rule 8 obligated plaintiffs to submit. He must then manage the litigation without knowing what claims are made against whom. This leads to discovery disputes and lengthy trials, prejudicing litigants in other case[s] who follow the rules, as well as defendants in the case in which the prolix pleading is filed.

84 F.3d at 1777, 1179-80 (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:15-cv-07072-CAS(Ex) | Date | March 8, 2016 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

Upon reviewing plaintiff's first amended complaint, the Court concludes that plaintiff has failed to comply with Rule 8(a). The FAC includes 346 paragraphs of factual allegations, some containing many sub-paragraphs, that often alternate between naming parties, making factual allegations, detailing damages, and requesting relief. The FAC is also nearly three-hundred pages in length, including exhibits. See Dkt. 24 (FAC). Although the Court must construe a *pro se* plaintiff's pleadings liberally, McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991), plaintiff must nonetheless comply with Rule 8(a) and clearly allege a factual and legal basis for *each claim* that is sufficient to give *each defendant* fair notice of what plaintiff's claims are and the grounds upon which they rest. See Brazil v. United States Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Ultimately, the length, format, and structure of plaintiff's first amended complaint fails clearly and concisely to provide defendants with sufficient notice of what plaintiff's specific claims are, against whom each of these claims is being asserted, and what legal theories plaintiff relies upon. Furthermore, even if some of plaintiff's claims are adequately pled, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit . . . Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." McHenry, 84 F.3d at 1179 (citing Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673 (9th Cir.1981)).

Accordingly, the Court concludes that plaintiff's first amended complaint fails to satisfy the requirements of Rule 8, and must accordingly be dismissed, in its entirety, without prejudice on this ground alone.

**B.     The FAC Adds New Parties and Claims Without the Court's Leave**

In his previous motion for leave to amend his original complaint, plaintiff stated that his review of defendants' video evidence of the subject incident, which the County defendants proffered in support of their original 12(b)(6) and 12(e) motions, "refreshed the plaintiff's recollection of [the] events [that occurred] on May 16, 2014." Dkt. 12 (Pl.'s Motion for Leave to Amend), at 2; see also Dkt. 6-1 (Declaration of Legal Unit Deputy, Exhibit A (Video of the Underlying Incident)). Accordingly, plaintiff asserted that in light of his review of the video, he could identify and wished to correct certain "incorrect statements [in the original complaint] that effect [*sic*] and prejudice [the] interested parties [in the instant suit]." Id. Plaintiff also asserted that he was "able to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-07072-CAS(Ex) | Date | March 8, 2016 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

identify evidence of other cognizable [Section 1983] Claims that may be added for the purposes of [saving] the court . . . [the] expense of litigating a separate civil action *involving identical parties*." Id. (emphasis added). While plaintiff also sought leave to add new defendants to this action, plaintiff averred that he identified these additional defendants upon viewing the video evidence of the May 16, 2014 incident and that these claims against additional defendants arose from the subject incident. Id. at 4 (noting that a review of the video "identified additional defendants and actionable constitutional violations . . . that arise from [the] May 16, 2015 incident").

Accordingly, in an order dated November 6, 2015, the Court granted plaintiff leave "to file an amended complaint that incorporates the proposed amendments discussed herein [i.e., in the Court's order]." Dkt. 14, at 7. However, plaintiff's FAC appears to add an additional twenty defendants (and at least seven additional claims), none of whom appear to have been contemplated by the Court's order granting leave to amend.[1] Perhaps more importantly, the FAC also appears to involve cases or controversies (and parties) that are largely unrelated to the subject incident that occurred on May 16, 2014.

In short, plaintiff's FAC exceeds the scope of the Court's order granting leave to amend the original complaint; the additional parties and claims asserted in the FAC must accordingly be dismissed on this ground alone. See Benton v. Baker Hughes, No. CV 12-07735-MMM-MRW, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) aff'd sub nom. Benton v. Hughes, No. 13-56356, 2015 WL 7732183 (9th Cir. Dec. 1, 2015) (noting that "[t]he addition of [plaintiff's] new claims . . . exceed[ed] the scope of the leave to amend granted [in the court's order dismissing plaintiff's complaint]" and therefore "it is appropriate to strike the newly added claims on this basis"); Yau v. Duetsche Bank Nat. Trust Co. Americas, No. SACV 11-00006-JVS, 2011 WL 8326579, at *2 (C.D. Cal. Aug. 31, 2011) ("In order to assert claims [in the second amended

---

[1] Many, though not all, of the defendants named in the FAC have filed motions to dismiss and/or motions for a more definite statement. See Dkts. 47, 49, 55, 60, 62. Plaintiff has also filed two ex parte applications seeking an extension of time to oppose these motions. See Dkts. 63, 71. In light of the Court's dismissal of the operative FAC, defendants' motions and plaintiff's pending ex parte requests are hereby **DENIED AS MOOT**. Similarly, plaintiff's pending motion for summary judgment, dkt. 65, filed on February 16, 2016, is also **DENIED AS MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:15-cv-07072-CAS(Ex) | Date | March 8, 2016 |
|---|---|---|---|
| Title | KEVIN WILLIAM KING V. COUNTY OF LOS ANGELES, ET AL. | | |

complaint] that were not asserted in the FAC, Plaintiffs would have had to obtain Defendants' consent or the Court's leave . . . Plaintiffs did not do so. Accordingly, the [additional] claims are dismissed without prejudice."); <u>Kennedy v. Full Tilt Poker</u>, No. CV 09–07964 MMM (AGRx), 2010 WL 3984749, * 1 (C.D.Cal. Oct.12, 2010) (noting that the court had stricken a third amended complaint because plaintiffs' new claims and the addition of new defendants "exceeded the authorization to amend the court granted" and plaintiffs had not sought leave to add new claims or defendants as required by Rule 15).

## IV. CONCLUSION

In accordance with the foregoing, plaintiff's FAC is hereby **DISMISSED**, in its entirety, without prejudice. Plaintiff is granted **thirty (30) days** to file an amended complaint that comports with the Court's November 6, 2015 order granting plaintiff leave to amend his original complaint.

Plaintiff is also strongly encouraged to consult with Public Counsel's Federal Pro Se Clinic, located in the Spring Street Federal Courthouse, 312 N. Spring Street, Room G-19, Main Street Floor, Los Angeles, CA 90012.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |